Filing # 58192835 E-Filed 06/23/2017 02:56:07 PM

‹

IN THE CIRCUIT COURT OF THE
18TH JUDICIAL CIRCUIT, IN AND
FOR BREVARD COUNTY, FLORIDA

GAYNA HANSEN, and
KRISTOPHER HANSEN,

CASE NO.:

      Plaintiffs,

vs.

UBER TECHNOLOGIES, INC., and
RASIER (FL), LLC,

      Defendants.

_____/

## COMPLAINT

Plaintiffs, GAYNA HANSEN and KRISTOPHER HANSEN, by and through the undersigned counsel, sue the Defendants, UBER TECHNOLOGIES, INC. ("UBER"), a Delaware corporation, and RASIER (FL), LLC ("RASIER"), a Delaware limited liability company, and in support thereof state as follows:

1.     This is an action for money damages in excess of fifteen thousand dollars ($15,000.00) exclusive of interest, costs, and attorney's fees.

2.     At all times material hereto, Plaintiffs, GAYNA HANSEN and KRISTOPHER HANSEN, were individuals with residence in Brevard County, Florida.

3.     At all times material hereto, Plaintiffs, GAYNA HANSEN and KRISTOPHER HANSEN, were a lawfully married couple.

4.     At all times material hereto, Defendant UBER was a Delaware corporation registered to do business in the state of Florida.

5.     At all times material hereto, Defendant RASIER was a Delaware limited liability company registered to do business in the state of Florida.

1

6.     All actions relevant to this dispute took place in Brevard County, Florida.

7.     At all times material hereto, Defendants owned and operated the "ride-sharing" transportation service Uber, which connects Defendants' drivers, or "driver-partners," with "riders" through their various smartphone apps.

8.     Through the Uber apps, riders arrange transportation from Defendants' driver-partners and pay Defendants a fare, a portion of which goes to the driver-partner.

9.     Prior to becoming a driver-partner, Defendants require that prospective drivers complete a "driver screening" process in which Defendants review a prospective driver's driving record and criminal history.

10.    Additionally, Defendants maintain a "deactivation policy" in which driver-partners may be denied access to the Uber app and their driver account for actions such as "speeding or otherwise breaking local traffic laws."

11.    In order to maximize potential fares, Defendants encourage their driver-partners to seek "hot spots" where the demand for rides is high.

12.    Defendants promote the use of these "hot spots" and bring their attention to their driver-partners through color-coded "heat maps," published "driver guides," and email correspondence.

13.    A driver-partner's receipt of ride requests through the Uber app is proximity based, meaning the driver closest to the rider will receive the request.

14.    At all times material hereto, Gerald Burnell Reimer ("Reimer") was a driver-partner with Defendants.

15.    Upon information and belief, Reimer completed the driver screening process, was accepted, and has been a driver-partner with Defendants since August of 2015.

16.     At the time of his acceptance, Reimer was 83 years old.

17.     Reimer drove for Uber and Defendants seven (7) days a week.

18.     Under the direction and training provided by Defendants, Reimer would travel to local "hot spots" such as Starbucks to make himself available for ride requests.

19.     On or about October 18, 2015, Reimer received a traffic citation for following too closely in violation of Section 316.0895, Florida Statutes.

20.     On or about October 24, 2015, Reimer received a traffic citation for unlawful speeding in violation of Section 316.187(3). Reimer was cited for driving 29 miles per hour above the speed limit. More specifically, Reimer was driving 74 mph where the applicable speed limit was 45 mph.

21.     Despite Reimer's advanced age and his multiple traffic citations, Defendants continued to allow Reimer to operate as a driver-partner on behalf of Defendants.

22.     On or about March 15, 2016, Reimer was traveling westbound on Barnes Boulevard in Rockledge, Florida, and was heading to a local Starbucks "hotspot" for the purpose of obtaining Uber riders.

23.     At the same time, Plaintiff GAYNA HANSEN was riding her bicycle westbound on Barnes Boulevard up ahead of Reimer, and was on the far-right edge of the lane near the shoulder.

24.     Additionally, Plaintiff GAYNA HANSEN was wearing reflective clothing and had an active red light on the back of her bicycle.

25.     Reimer approached Plaintiff GAYNA HANSEN from the rear and crashed into the rear of Plaintiff's bicycle with the front of his vehicle.

3

26.     Upon impact, Plaintiff GAYNA HANSEN was sent airborne and was thrown approximately ten (10) feet.

27.     As a result of the collision, Plaintiff GAYNA HANSEN suffered severe injuries, including a compound fracture of her left ankle, which was almost amputated and required multiple surgeries.

28.     All conditions precedent to this action have occurred, been waived, or been otherwise satisfied.

### COUNT I – PLAINTIFF GAYNA HANSEN'S CLAIM FOR NEGLIGENT SELECTION OR RETENTION OF AN INDEPENDENT CONTRACTOR AGAINST DEFENDANT UBER

29.     Plaintiff GAYNA HANSEN realleges paragraphs one (1) through twenty-eight (28) as though fully stated herein.

30.     Defendant UBER's driver-partners, including Reimer, were selected by Defendant UBER to perform work that involved risk of harm to others unless skillfully and carefully done.

31.     As someone sharing the road with Defendant UBER's driver-partners, Defendant UBER owed Plaintiff GAYNA HANSEN a duty of reasonable care in the selection and retention of its driver-partners, including Reimer.

32.     Due to his advanced age and numerous traffic citations, Reimer was incompetent or unfit to perform his work as a driver for Defendant UBER.

33.     Defendant UBER knew or reasonably should have known of Reimer's particular incompetence or unfitness as a driver.

34.     However, Defendant UBER failed to "deactivate" Reimer as a driver-partner or deny access to his driver account, and therefore breached its duty to Plaintiff GAYNA HANSEN.

35.    Plaintiff GAYNA HANSEN's injuries were a foreseeable result of Reimer's particular incompetence or unfitness as a driver, and therefore Reimer's incompetence or unfitness as a driver was the proximate cause of Plaintiff GAYNA HANSEN's injuries.

36.    As a direct and proximate result of Defendant UBER's negligent selection or retention of Reimer, Plaintiff GAYNA HANSEN was severely, significantly, and permanently injured, has been permanently and significantly scarred and/or disfigured, and has incurred a significant permanent loss of bodily function.

37.    As a further direct and proximate result of Defendant UBER's negligent selection or retention of Reimer, Plaintiff GAYNA HANSEN has suffered extreme pain and suffering, disability, physical impairment, mental anguish, inconvenience, and loss of capacity for the enjoyment of life, and will so suffer in the future.

38.    As a further direct and proximate result of Defendant UBER's negligent selection or retention of Reimer, Plaintiff GAYNA HANSEN has in the past and will in the future be obligated to pay large sums of money in the way of doctor's bills, hospital bills, and other expenses directly related to her efforts to alleviate her suffering and cure her injuries.

39.    As a further direct and proximate result of Defendant UBER's negligent selection or retention of Reimer, Plaintiff GAYNA HANSEN has suffered a loss of earnings in the past and as a result of these injuries has also suffered a diminishment of future earning capacity.

40.    All of the above described injuries are permanent and continuing in nature.

**WHEREFORE**, Plaintiff GAYNA HANSEN demands judgment against Defendant UBER for damages in excess of Fifteen Thousand Dollars ($15,000), plus taxable costs, interest and attorney's fees, if provided by law, and further demands trial by jury on all issues so triable.

## COUNT II – PLAINTIFF GAYNA HANSEN'S CLAIM FOR NEGLIGENT SELECTION OR RETENTION OF AN INDEPENDENT CONTRACTOR AGAINST DEFENDANT RASIER

41.     Plaintiff GAYNA HANSEN realleges paragraphs one (1) through twenty-eight (28) as though fully stated herein.

42.     Defendant RASIER's driver-partners, including Reimer, were selected by Defendant RASIER to perform work that involved risk of harm to others unless skillfully and carefully done.

43.     As someone sharing the road with Defendant RASIER's driver-partners, Defendant RASIER owed Plaintiff GAYNA HANSEN a duty of reasonable care in the selection and retention of its driver-partners, including Reimer.

44.     Due to his advanced age and numerous traffic citations, Reimer was incompetent or unfit to perform his work as a driver for Defendant RASIER.

45.     Defendant RASIER knew or reasonably should have known of Reimer's particular incompetence or unfitness as a driver.

46.     However, Defendant RASIER failed to "deactivate" Reimer as a driver-partner or deny access to his driver account, and therefore breached its duty to Plaintiff GAYNA HANSEN.

47.     Plaintiff GAYNA HANSEN's injuries were a foreseeable result of Reimer's particular incompetence or unfitness as a driver, and therefore Reimer's incompetence or unfitness as a driver was the proximate cause of Plaintiff GAYNA HANSEN's injuries.

48.     As a direct and proximate result of Defendant RASIER's negligent selection or retention of Reimer, Plaintiff GAYNA HANSEN was severely, significantly, and permanently injured, has been permanently and significantly scarred and/or disfigured, and has incurred a significant permanent loss of bodily function.

6

49.     As a further direct and proximate result of Defendant RASIER's negligent selection or retention of Reimer, Plaintiff suffered extreme pain and suffering, disability, physical impairment, mental anguish, inconvenience, and loss of capacity for the enjoyment of life, and will so suffer in the future.

50.     As a further direct and proximate result of Defendant RASIER's negligent selection or retention of Reimer, Plaintiff has in the past and will in the future be obligated to pay large sums of money in the way of doctor's bills, hospital bills, and other expenses directly related to her efforts to alleviate her suffering and cure her injuries.

51.     As a further direct and proximate result of Defendant RASIER's negligent selection or retention of Reimer, Plaintiff has suffered a loss of earnings in the past and as a result of these injuries has also suffered a diminishment of future earning capacity.

52.     All of the above described injuries are permanent and continuing in nature.

**WHEREFORE**, Plaintiff GAYNA HANSEN demands judgment against Defendant RASIER for damages in excess of Fifteen Thousand Dollars ($15,000), plus taxable costs, interest and attorney's fees, if provided by law, and further demands trial by jury on all issues so triable.

## COUNT III – PLAINTIFF KRISTOPHER HANSEN'S CLAIM FOR LOSS OF CONSORTIUM AGAINST DEFENDANT UBER

53.     Plaintiff realleges paragraphs one (1) through twenty-eight (28) as though fully stated herein.

54.     As a direct and proximate result of Defendant UBER's negligence and the resulting injury to Plaintiff GAYNA HANSEN, Plaintiff KRISTOPHER HANSEN has in the past suffered and will in the future continue to suffer the loss of consortium, services, companionship, comfort, safety, society and attentions of his wife, Plaintiff GAYNA HANSEN.

7

55.    In addition, Plaintiff KRISTOPHER HANSEN has in the past incurred and will in the future incur mental anguish as well as medical and related expenses for the care and treatment of his wife, Plaintiff GAYNA HANSEN.

56.    These losses are permanent and continuing in nature and Plaintiff KRISTOPHER HANSEN will continue to suffer these losses in the future.

**WHEREFORE,** Plaintiff KRISTOPHER HANSEN demands judgment against Defendant UBER for damages in excess of Fifteen Thousand Dollars ($15,000), plus taxable costs, interest and attorney's fees, if provided by law, and further demands trial by jury on all issues so triable.

## COUNT IV – PLAINTIFF KRISTOPHER HANSEN'S CLAIM FOR LOSS OF CONSORTIUM AGAINST DEFENDANT RASIER

57.    Plaintiff realleges paragraphs one (1) through twenty-eight (28) as though fully stated herein.

58.    As a direct and proximate result of Defendant RASIER's negligence and the resulting injury to Plaintiff GAYNA HANSEN, Plaintiff KRISTOPHER HANSEN has in the past suffered and will in the future continue to suffer the loss of consortium, services, companionship, comfort, safety, society and attentions of his wife, Plaintiff GAYNA HANSEN.

59.    In addition, Plaintiff KRISTOPHER HANSEN has in the past incurred and will in the future incur mental anguish as well as medical and related expenses for the care and treatment of his wife, Plaintiff GAYNA HANSEN.

60.    These losses are permanent and continuing in nature and Plaintiff KRISTOPHER HANSEN will continue to suffer these losses in the future.

**WHEREFORE,** Plaintiff KRISTOPHER HANSEN demands judgment against Defendant RASIER for damages in excess of Fifteen Thousand Dollars ($15,000), plus taxable

costs, interest and attorney's fees, if provided by law, and further demands trial by jury on all issues so triable.

## DEMAND FOR JURY TRIAL

Plaintiffs, GAYNA HANSEN and KRISTOPHER HANSEN, hereby demand a trial by jury of all issues so triable as a matter of law.

DATED this 23rd day of June, 2017.

SHANE M. SMITH, P.A.

Shane M. Smith, LL.M., Esq. 107872
4800 Dairy Road Suite 104
Melbourne, Florida 32904
Phone: 321-724-1919
Email: shane@shanesmithlegal.com
Secondary Email: matt@shanesmithlegal.com
Secondary Email: stacy@shanesmithlegal.com