# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

GAYNA HANSEN and
KRISTOPHER HANSEN,

      **Plaintiffs,**

v.                                                          Case No:   6:17-cv-1559-Orl-40GJK

UBER TECHNOLOGIES, INC, RAISER
(FL), LLC, GERALD REIMER and
ELSIE REIMER,

      **Defendants.**

---

### REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF REASONABLE ATTORNEY'S FEES (Doc. No. 75)** |
| **FILED:** | **December 21, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

## I.    BACKGROUND.

On December 13, 2018, this Court entered an order denying Defendant Uber Technologies, Inc.'s motion to enforce settlement.  Doc. No. 74.  In that order, the Court found that Plaintiffs were entitled to "Costs and attorney's fees incurred in the preparation of their Response in Opposition, pursuant to paragraph 16 of the Confidential Settlement Agreement.   Plaintiffs shall submit their memorandum within seven (7) days of this order."   Doc. No. 74 at 5.

On December 21, 2018, Plaintiffs filed a memorandum of law in support of reasonable attorney's fees ("Memorandum").   Doc. No. 75.   On December 26, 2018, Defendants filed a response to the Memorandum which argues that the Memorandum was filed one day late based on the date of this Court's order and was therefore untimely.   Doc. No. 76.   Defendants also argue that Plaintiffs' hours expended and rate requested are unreasonable.   Doc. No. 76 at 2-3.   On December 27, 2018, Plaintiffs filed a Renewed Rule 6 Motion to Extend Time for Filing Attorney's Fees Memorandum.   Doc. No. 80.   On January 7, 2019, this Court granted Plaintiffs' renewed motion and accepted the Memorandum as timely filed.   Doc. No. 82.

## II.    APPLICABLE LAW.

In the Eleventh Circuit, reasonableness is generally determined using the familiar lodestar approach.   "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate."   *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).   The party moving for fees has the burden of establishing that the hourly rate and hours expended are reasonable.   *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).   In making such determinations, the Court is an expert on the issues of the prevailing market's reasonable hourly rates for similar work and hours expended.   *Id.*; *Loranger*, 10 F.3d at 782.

A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997).    With respect to hours reasonably expended, the moving party must exercise "billing judgment."   *Hensley*, 461 U.S. at 434.   This requires the moving party to exclude hours that are "redundant, excessive, or otherwise unnecessary."   *Id.*   The court will excise redundant, excessive or unnecessary hours if a party

- 2 -

fails to do so.   *See Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).

A movant "should have maintained records to show the time spent on the different claims, and the

general subject matter of the time expenditures ought to be set out with sufficient particularity so

[the court] can assess the time claimed for each activity."   *Norman*, 836 F.2d at 1303.

A party opposing a fee application should also submit objections and proof that are

"specific and reasonably precise" concerning those hours that should be excluded.   *Scelta v.*

*Delicatessen Support Servs.*, 203 F. Supp. 2d 1328, 1332 (M.D. Fla. 2002) (quoting *Barnes*, 168

F.3d at 428).   A fee opponent's failure to explain with specificity the particular hours he views as

unnecessary or duplicative is generally fatal.   *Scelta*, 203 F. Supp. 2d at 1333 (citing *Gray*, 125

F.3d 1387).

## III.   ANALYSIS.

Plaintiffs' counsel, Shane M. Smith, avers that he spent 11.4 hours on his response to the

motion to enforce settlement and seeks an hourly rate of $500 per hour for an award of $5,700.

Doc. No. 75-1 at 2-3.   Mr. Smith's curriculum vitae reflects that he graduated law school in 2010,

received his LL.M. in tax in 2011, and has worked as a trial attorney since December 2013.   Doc.

No. 75-1 at 4.   His previous experience is listed as an associate/clerk from January 2012 to

December 2013.   Doc. No. 75-1 at 4.   Mr. Smith provided orders awarding attorney's fees for

two attorneys with similar experience in his geographic area, Andrew Pickett, Esq., and Derrick

Connell, Esq, that range from $400 to $500 an hour.   Doc. No. 75-1 at 5-23.   Several of the orders

award attorney's fees for work as a guardian ad litem, which is distinct from the work performed

in this case.   Doc. No. 75-1 at 5-8, 20-21.

Defendants argue that Mr. Pickett and Mr. Connell have better credentials than Mr. Smith,

noting that both are rated AV Preeminent by Martindale Hubbell, Mr. Pickett has tried over forty

jury trials to verdict, and Mr. Connell has tried at least four jury trials to verdict.   Doc. No. 76 at

3.   By comparison, Mr. Smith has "[f]irst-chaired over twenty to thirty final evidentiary hearings

and bench trials and one jury trial."   Doc. No. 75-1 at 4.   Defendants do not suggest what hourly

rate would be reasonable for an attorney of Mr. Smith's experience, for this type of case, in his

relevant market.

Defendants also argue that Mr. Smith's time is unreasonable because the response to the

motion to enforce settlement did not present complex issues, did not require additional research,

and Plaintiffs used the same exhibits as those attached by Defendants.   Doc. No. 76.   While

Defendants challenge the hours claimed, Defendants do not offer any specific objections to

Plaintiffs' counsel's claimed hours which is fatal to their challenge.   *See Barnes*, 168 F.3d at 428;

*Gray*, 125 F.3d at 1389.

Upon review of the Memorandum and Defendants' Response, the Court finds that $400

per hour is a reasonable hourly rate for Shane M. Smith, Esq., and that 11.4 hours were reasonably

expended in preparing Plaintiffs' response to the motion to enforce settlement.   Thus, it is

recommended that Plaintiffs be awarded $4,560 in attorney's fees.

Accordingly, it is hereby **RECOMMENDED** that the Memorandum (Doc. No. 75) be

**GRANTED in part** and **DENIED in part** as follows:

1.   Plaintiffs be awarded attorney's fees against Defendant Uber Technologies, Inc. in

the total amount of $4,560; and

2.   That the Memorandum be otherwise denied.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and

Recommendation's factual findings and legal conclusions. Failure to file written objections waives

- 5 -

that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the

district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**DONE** and **ORDERED** in Orlando, Florida, on January 29, 2019.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties